**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**

| | |
|---|---|
| INTAKE BREATHING TECHNOLOGY, LLC,<br><br>Plaintiff,<br><br>v.<br><br>SAHAK GROUP LLC,<br><br>Defendant. | C.A. No. _______________<br><br>JURY TRIAL DEMANDED |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, Intake Breathing Technology, LLC ("Intake" or "Plaintiff"), by and through its undersigned counsel, brings this action for patent infringement under 35 U.S.C. § 271 against Defendant, Sahak Group LLC ("Defendant") and alleges as follows:

**NATURE OF THE ACTION**

1. This is a civil action for patent infringement arising under the Patent Laws of the United States of America, 35 U.S.C. § 1 *et seq.* By this action, Plaintiff seeks to prevent Defendant from infringing Plaintiff's intellectual property rights.

2. Plaintiff seeks monetary damages and equitable relief in the form of an injunction both preliminarily and permanently enjoining Defendant from infringing Intake's U.S. Patent No. 9,510,969 (the "Asserted Patent" or "the '969 Patent") and damages, expenses, and attorneys' fees arising from Defendant's infringement of the Asserted Patent.

**THE PARTIES**

3. Plaintiff, Intake Breathing Technology, LLC is a California limited liability company with its principal place of business at 420 E. Carrillo St., Ste. A, Santa Barbara, CA 93101, and is the owner of all rights asserted in this action.

4. On information and belief, Defendant is a Virginia limited liability company with a principal place of business at 137 Northampton Blvd., Stafford, VA 22554.

5. On information and belief, Defendant operates one or more e-commerce stores on Amazon.com under the brand Sahak with ASIN: B0GK2HX8S6.

6. Defendant makes, uses, offers for sale, sells, and/or imports into the United States the accused products in this action.

7. Defendant is not licensed under the Asserted Patent or any other Intake patents and lacks authorization to practice the inventions claimed therein.

**JURISDICTION AND VENUE**

8. This Court has original subject matter jurisdiction over Plaintiff's claims pursuant to the provisions of the Patent Act, 35 U.S.C. § 1 *et seq.*, 28 U.S.C. § 1338(a)-(b) (exclusive patent claim jurisdiction), and 28 U.S.C. § 1331 (original federal question jurisdiction).

9. This Court has personal jurisdiction over Defendant because, among other reasons, and upon information and belief, Defendant has committed acts of patent infringement in this District, including at least through providing, advertising, promoting, offering to sell, and selling its infringing nasal refill tab products, titled for example "Nasal Strips Refill Tabs Pack (60 Count) Skin-Friendly, Sweat-Resistant Strong Adhesive Magnetic Enhanced Breathing, Exercise, Sleep Aid, Snore Reduction – 30-day Supply" (the "Accused Products"). On information and belief, Defendant has substantial and continuous contacts in the Commonwealth of Virginia, it has purposefully availed itself of the privilege of doing business in the Commonwealth of Virginia, and it has directed its infringing activities at the Commonwealth of Virginia.

10. Venue properly lies in this District pursuant to 28 U.S.C. §§ 1391(b) and 1400(b) at least because Defendant is a limited liability company organized under the laws of the Commonwealth of Virginia and therefore resides in Virginia; Defendant's registered agent (Mohammad Arif Sahak,

137 Northampton Blvd., Stafford, VA 22554) resides in this District; and, on information and belief, Defendant does business in this District through established distribution channels, has a regular and established place of business in this District, and/or has committed infringing acts in this District, including one or more acts of making, using, offering for sale, importing into the United States, or selling infringing products in this District. Defendant also therefore resides and has a regular and established place of business in the Alexandria Division of this District.

## FACTS AND BACKGROUND

### A. Plaintiff's Intellectual Property Rights

11. Plaintiff is the owner of all right, title, and interest in and to the '969 Patent. A true and correct copy of the '969 Patent is attached as **Exhibit 1**.

12. The '969 Patent issued on December 6, 2016. *See* Ex. 1.

13. The '969 Patent was and is valid and enforceable at all times relevant to this action and is entitled to a presumption of validity under 35 U.S.C. § 282.

14. The '969 Patent is directed to nasal adhesives that attach to the user's nose and interact and cooperate with a breathing system apparatus. A representative picture of Plaintiff's nasal adhesive product embodying the '969 Patent is shown below, along with a representative picture of Plaintiff's entire breathing system, with which its nasal adhesive product is designed to interact and cooperate:









15. Plaintiff's patented nasal adhesives are used as part of Plaintiff's innovative nasal dilator system, which includes at least the nasal adhesives, a magnetic band, and an applicator to apply the nasal adhesives.

16. The patented nasal dilator technology in the '969 Patent was invented by James D. Castillo, a prolific inventor and motorsports enthusiast who holds multiple patents across various fields. The idea for the nasal dilator system was first conceived during a motorcycle excursion. While wearing goggles, Mr. Castillo experienced discomfort and difficulty breathing due to the pressure on his nose. This experience prompted him to improvise a device that would keep the nostrils open—even under pressure—leading to the initial development of the technology.

17. The concept resurfaced during a family gathering, where Mr. Castillo realized that this innovation could have a broader application for athletes of all kinds and for people struggling with nasal breathing in everyday life. What started as a solution for a breathing problem in motorsports

evolved into a novel and widely useful device. That idea became a reality through years of design, development, and refinement, ultimately resulting in the patented technology at issue in this case.

18. Plaintiff's product line embodying the '969 Patent sold under the brand name "Intake®" ("Plaintiff's Products") is sold exclusively under the Intake brand by Plaintiff and its distributor(s), including through Intake's website (www.intakebreathing.com) and by Plaintiff on e-commerce platforms such as Amazon.com and TikTok.

19. Plaintiff's Products have been hugely successful. After being used and worn by many professional athletes, including in televised interviews, Plaintiff's Products went viral on social media, including on TikTok.

20. Defendant is not licensed under the '969 Patent or any other Intake patents and is not authorized to practice the inventions claimed therein.

**B. Defendant's Unlawful Conduct**

21. Defendant makes, uses, offers for sale, sells, and/or imports into the United States the Accused Products in this action.

22. The viral success of Plaintiff's Products has resulted in significant and exponential infringement of Plaintiff's Patent. Due to the growing popularity and demand for Plaintiff's highly-effective and high-quality patented nasal dilator technology, opportunistic sellers including Defendant have entered the market with infringing products that attempt to mimic Plaintiff's products and that infringe on its patents. Because of this ongoing infringement, Plaintiff is currently losing sales in at least the five to six figure range on a monthly basis, severely affecting its ability to capitalize on its own innovation and recover its investment in product development and marketing.

23. Defendant makes, uses, sells, advertises, offers for sale, and/or imports into the United States nasal adhesives that directly infringe, whether literally or under the doctrine of equivalents, one or more claims of the Asserted Patent. Defendant offers the Accused Products for sale via at least its

webpage on Amazon.com, including at the listing under ASIN B0GK2HX8S6, including prior to the filing of the lawsuit.

24. A representative picture of the Accused Products, as advertised on Defendant's Amazon page, is shown below, taken from the true and correct representative webcaptures of Defendant's website attached as **Exhibit 2**.




25. The Accused Products meet multiple claims of the '969 Patent, including each and every limitation of at least representative claim 1 of the '969 Patent.

26. Publicly available materials, including Defendant's own Amazon listing, confirm that the Accused Products practice the claimed elements of the '969 Patent.

27. Specifically, Plaintiff's claim chart shows that the Accused Products infringe at least claim 1 of the '969 Patent. The representative claim chart comparing representative claim 1 of the Asserted Patent to a representative sample of the Accused Products is attached as **Exhibit 3**.

28. The unauthorized manufacture, use, sale, offer to sell, and importing into the United States of the Accused Products constitutes infringement under 35 U.S.C. § 271(a) and (c).

29. Defendant has notice of the ’969 Patent and that the Accused Products infringe the ’969 Patent since at least the filing of this Complaint.

30. In addition, Defendant had notice of Intake’s patents and that the Accused Products infringe Intake’s patents since at least mid-August, 2026, when Plaintiff filed an APEX takedown via Amazon seeking removal of Defendant’s listing of the Accused Products based on its patent infringement.

31. Defendant is not authorized to use any of Plaintiff’s intellectual property, including Plaintiff’s patents.

## COUNT I

## PATENT INFRINGEMENT (35 U.S.C. § 271) – THE ’969 PATENT

32. Plaintiff repeats, realleges and incorporates by reference the allegations contained in paragraphs 1–31 as if separately repeated herein.

33. Plaintiff is the exclusive owner of all rights, title, and interest in and to the ’969 Patent, titled “Nasal Element For A Breathing System,” duly and legally issued by the United States Patent and Trademark Office on December 6, 2016, including the right to bring this suit for injunctive relief and damages. A true and correct copy of the ’969 Patent is attached hereto as **Exhibit 1**.

34. The ’969 Patent is valid and enforceable.

35. Defendant makes, uses, offers for sale, sells, and/or imports the Accused Products that directly infringe, whether literally or under the doctrine of equivalents, one or more claims of the ’969 Patent, including at least representative claim 1.

36. The Accused Products satisfy each and every claim limitation of at least one claim of the ’969 Patent. A claim chart comparing representative claim 1 of the ’969 Patent to a representative

sample of the Accused Products is attached as **Exhibit 3**. This showing of infringement is based on publicly available information, and Plaintiff reserves the right to identify additional infringing activities and products, including, for example, on the basis of information obtained during discovery.

37. Defendant is not licensed or otherwise authorized by Plaintiff to practice the claims of the '969 Patent.

38. By making, using, offering for sale, selling and/or importing into the United States the Accused Products, Defendant has injured and irreparably harmed Plaintiff and is liable for infringement of the '969 Patent pursuant to 35 U.S.C. § 271.

39. Defendant had actual knowledge of the '969 Patent and that the Accused Products infringe the '969 Patent since at least the filing of this Complaint.

40. Defendant has profited and/or seeks to profit from its sales of the Accused Products and its infringement of the '969 Patent.

41. As a direct and proximate cause of Defendant's infringing activities, Plaintiff has suffered and will continue to suffer substantial damages in an amount to be proven at trial. Plaintiff is entitled to monetary judgment pursuant to 35 U.S.C. §§ 154(d) and 284 in an amount adequate to compensate for Defendant's infringement, but in no event less than a reasonable royalty, together with interest and costs as fixed by the Court, and Plaintiff will continue to suffer damages in the future unless Defendant's infringing activities are immediately enjoined.

42. Defendant's continuing acts of infringement have caused and will continue to cause Plaintiff irreparable harm, for which Plaintiff has no adequate remedy at law, unless Defendant's continuing acts of infringement are enjoined by the Court under 35 U.S.C. § 283. The hardships that an injunction would impose are less than those faced by Plaintiff should an injunction not issue. The public interest would be served by issuance of an injunction.

43. Defendant's infringement of the '969 Patent is exceptional and entitles Plaintiff to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests that the Court enter judgment in its favor and against Defendant on the claims set forth above and respectfully requests that this Court:

A. Enter judgment against Defendant finding that Defendant has directly infringed, literally or under the doctrine of equivalents, one or more claims of the Asserted Patent.

B. Temporarily, preliminarily, and permanently enjoin Defendant, its affiliates, officers, agents, employees, assigns, representatives, and all persons acting for, with, by, through, under, or in active concert with Defendant from making, using, offering for sale, selling and/or importing into the United States for subsequent sale or use any products that infringe upon the Asserted Patent, including the Accused Products.

C. Award Plaintiff all available and legally permissible damages and relief adequate to compensate Plaintiff for Defendant's patent infringement that occurred pursuant to 35 U.S.C. § 284 to the full extent permitted, an award of Defendant's profits from its patent infringement pursuant to 35 U.S.C. § 289, together with prejudgment interest and costs and reasonable attorneys' fees, pursuant to 35 U.S.C. §§ 284 and 285 and all other applicable statutes and rules in common law as may apply;

D. Award Plaintiff supplemental damages or profits for any prejudgment interest and post-judgment interest, continuing post-verdict infringement up until entry of the final judgment, with an accounting as needed;

E. Declare this to be an exceptional case under 35 U.S.C. § 285 and award Plaintiff its reasonable attorneys' fees, costs, and expenses incurred in connection with this action under 35 U.S.C. § 285 and all other applicable statutes and rules in common law as may apply; and

F. Award any and all other relief that this Court deems just and proper.

**JURY DEMAND**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff hereby demands a trial by jury on all issues so triable by a jury as of right in this action.

Respectfully submitted the 9th day of September, 2026.

*/s/ Jonathan P. Labukas*
Jonathan P. Labukas
(VSB # 80589)
QUARLES & BRADY LLP
2020 K Street, NW, Suite 400
Washington DC 20006-1806
Tel.: (202) 372-9600
jonathan.labukas@quarles.com

Dawn M. David, Esq.
(*pro hac vice* forthcoming)
QUARLES & BRADY LLP
411 E Wisconsin Ave.,
Suite 2400
Milwaukee, WI 53202
Tel.: (414) 277-5000
dawn.david@quarles.com

*Attorneys for Plaintiff Intake Breathing Technology, LLC*